# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAIME FIGUEROA,

    Appellant,

     v.

DEPARTMENT OF
 TRANSPORTATION,

    Agency.

DOCKET NUMBER
DC-1221-15-0982-W-1

DATE: May 17, 2016

## THIS ORDER IS NONPRECEDENTIAL[*]

Mark R. Heilbrun, Esquire, Fairfax Station, Virginia, for the appellant.

Brett Daee, Esquire, and Jared Hatch, Esquire, Washington, D.C., for the
 agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of an alleged constructive demotion. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND this appeal to the Washington Regional Office

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

with instructions for the administrative judge to join this appeal with the appellant's appeal designated as MSPB Docket No. DC-1221-16-0136-W-1 and to adjudicate the joined appeals consistent with this decision.

## BACKGROUND

¶2 Effective January 25, 2015, the agency reassigned the appellant from his Supervisory Aviation Technology Systems Specialist position to a Supervisory General Engineer position, apparently without a reduction in pay or grade. Initial Appeal File (IAF), Tab 10 at 10. The agency then sought to fill the appellant's former position. The appellant applied for his former position, and, when the agency selected someone else, he filed a complaint with the Office of Special Counsel (OSC) on June 28, 2015, in which he alleged, among other things, that the agency constructively demoted him in reprisal for alleged protected disclosures. IAF, Tab 1 at 6, Tab 3 at 8-9. On July 15, 2015, the appellant filed the instant appeal and alleged that the reassignment constituted a constructive demotion under chapter 75. IAF, Tab 1, Tab 12 at 4-6. The administrative judge, however, construed the appeal as an individual right of action (IRA) appeal under 5 U.S.C. § 1221. IAF, Tab 2 at 2. He found that, because there was no evidence that the appellant had exhausted his administrative remedies before OSC, the Board lacked jurisdiction over the appeal. IAF, Tab 21, Initial Decision (ID) at 4-5. Therefore, he dismissed the appeal for lack of jurisdiction in an October 19, 2015 initial decision. ID at 5.

¶3 The appellant petitions for review of that initial decision and argues that the administrative judge misconstrued his appeal and that he in fact wished to appeal his alleged constructive demotion under 5 U.S.C. chapter 75. Petition for Review File, Tab 1 at 5. He argues that this matter should be remanded to the administrative judge to, among other things, provide proper jurisdictional notice and allow discovery. *Id.* at 8‑9.

¶4    After issuance of the initial decision in this appeal, OSC closed its investigation, and the appellant filed a November 14, 2015 IRA appeal in which he alleged that the purported constructive demotion constituted reprisal for whistleblowing. *Figueroa v. Department of Transportation*, MSPB Docket No. DC-1221-16-0136-W-1, Initial Appeal File, Tab 1. The administrative judge dismissed that appeal for 120 days (until May 5, 2016) without prejudice to refiling pending the Board's decision in the present case. *Figueroa v. Department of Transportation*, MSPB Docket No. DC-1221-06-0136-W-1, Initial Decision (Jan. 6, 2016).

## ANALYSIS

¶5    Based on the arguments raised below and now clarified on review, we agree with the appellant that the administrative judge misconstrued his appeal. It appears that the appellant intended to challenge an alleged constructive demotion under chapter 75, and to raise the affirmative defense of whistleblower reprisal and possibly discrimination as well. IAF, Tab 1, Tab 12 at 4-6. The administrative judge appears to have determined that, because a constructive demotion is not generally within the Board's jurisdiction, the only way the appellant could challenge his alleged constructive demotion was in an IRA appeal. IAF, Tab 2 at 3. The administrative judge generally is correct that constructive adverse actions are not appealable to the Board, but a constructive demotion *is* within the Board's jurisdiction provided that the appellant proves that he: (1) was reassigned from a position that, due to issuance of a new classification standard or correction of a classification error, was worth a higher grade; (2) met the legal and qualification requirements for promotion to the higher grade; and (3) was permanently reassigned to a position classified at a grade level lower than the grade level to which he would otherwise have been promoted. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 24 n.4 (2015); *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981).

¶6   The appellant's November 14, 2015 Board appeal mentioned above concerns the same underlying personnel action as the instant appeal. An employee who claims to have suffered whistleblower reprisal regarding an action may elect, under 5 U.S.C. § 7121(g), no more than one of the following remedies: a direct appeal to the Board; a negotiated grievance procedure pursuant to 5 U.S.C. § 7121; or a request for corrective action with OSC, potentially to be followed by an IRA appeal to the Board. *Savage*, 122 M.S.P.R. 612, ¶ 17. Ordinarily, an appellant who first requests corrective action from OSC will be deemed to have made a binding election to proceed in that forum. 5 U.S.C. § 7121(g)(4)(C); *see Savage*, 122 M.S.P.R. 612, ¶ 17. In such a case, the jurisdictional requirements for an IRA appeal apply, even if the personnel action at issue would have been directly appealable to the Board. *Savage*, 122 M.S.P.R. 612, ¶ 17. This principle applies equally to alleged constructive actions. *Id.*

¶7   Consideration of these principles leads to the conclusion that the appellant elected to proceed along the OSC complaint/IRA appeal route because he filed his complaint with OSC before filing his Board appeal in this case. His election, however, is only binding if it was knowing and informed. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 16 (2013). Further, if jurisdiction never attached to the appellant's original choice, then it was not a true choice among viable alternatives and is not binding. *Scalera v. Department of the Navy*, 102 M.S.P.R. 43, ¶ 9 (2006).

**ORDER**

¶8   For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall join this appeal with the appellant's appeal in MSPB Docket No. DC-1221-16-0136-W-1 and shall, after informing the parties of their respective burdens and elements of proof and considering the parties' evidence and argument, determine whether the appellant made a knowing and informed

election to pursue an IRA appeal. The administrative judge shall then adjudicate the appeal according to the course dictated by his or her determination.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.